UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-691-JCH |
| | ) |
| MISSOURI PUBLIC SAFETY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Clint Phillips, III for leave to proceed in this action without prepaying fees or costs. (ECF No. 6).[1] Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss the complaint at this time, without prejudice.

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Plaintiff filed a motion for leave to proceed *in forma pauperis* at the time he initiated this action. Subsequently, he filed the instant motion to provide updated information. The Court therefore considers plaintiff's eligibility to proceed *in forma pauperis* based upon the information contained in the most recent motion, and will deny as moot the earlier-filed motion.

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff[2] initiated this action by filing a complaint against Metro Transit Agency, Missouri Public Safety, and Securitas Security Company. The basis of his claims was that

---

[2] Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. Since 2010, he has filed more than thirty civil actions, the majority of which were dismissed pre-service on the grounds they were, *inter alia*, frivolous or failed to state a claim upon which relief may be granted. In one case, service was issued on two defendants, but the case was dismissed after plaintiff failed to respond to a motion to compel and failed to appear for a hearing. *See Phillips v. Dunn*, No. 4:16-CV-1698-RWS (E.D. Mo. Oct. 31, 2016) (dismissed July 21, 2017) (appeal dismissed for lack of jurisdiction Sept. 6, 2018).

unidentified persons harassed him, illegally frisked him, and charged him with disorderly conduct. On September 2, 2021, plaintiff filed an amended complaint,[3] which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 and "ADA 1201 et seq." against Metro Transit Agency, Securitas Security Company, "Unknown Security Officer et. el. [*sic*]," and "Unknown Public Safety Officer." Plaintiff's allegations are best understood if directly quoted, and specifically,

> Between July 15 & July 17 I was harassed by a public safety officer, a Securitas security officer who were working in the scope of their employment for Metro Transit Agency called me a bomb and threatened me with assault and forced me away from the transfer center even though I had valid fare, a discrimination in a public [accommodation] Title 42 U.S.C. et seq. 1201. The name of these security officers are unknown but the recordings @ the North County Transfer Center CNTC can provide their identities as well as Metro, Public Safety, and Securitas, I made a recorded complaint at Metro HQ This is also a false arrest, false imprisonment, and intentional infliction of emotional distress requesting a guardian ad litem und RSMO 960.0610 or summary judgement because this incident was ratified and adopted by Metro, Securitas, and Public Safety.

Plaintiff does not specify the year in which the alleged wrongdoing occurred, but the Court will presume plaintiff intended to reference the current year, 2021. As relief, plaintiff seeks "16 million in punitive damages and for Metro and their affil[]iates to discontinue discriminatory practices by their employees and/or agents."

## Discussion

The amended complaint fails to plead any plausible claims for relief against the security officer defendants. Plaintiff alleges that, during a range of dates, an indeterminate number of security officers called him a name, "threatened [him] with assault," and "forced [him] away from the transfer center." He then concludes that conduct amounted to discrimination, false

---

[3] *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

arrest, and false imprisonment. Plaintiff's allegations are nothing more than the unadorned, "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient, and that this Court is not required to presume true. *Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements"). Additionally, plaintiff alleges no facts demonstrating how each security officer defendant was personally involved in and directly responsible for actionable wrongdoing, as required to state a claim under 42 U.S.C. § 1983. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Plaintiff's allegations are also insufficient to permit the fictitious security officer defendants to be identified following discovery. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, plaintiff has alleged misconduct on the part of an unspecified number of individuals that occurred at unspecified times during a range of dates that presumably occurred during the current calendar year. He avers the individuals can be identified through recordings, but he fails to make allegations that are sufficiently specific as to allow the fictitious defendants to be identified from a recording (or after reasonable discovery) as he fails to allege facts as basic as which officer engaged in what conduct at what time. Finally, the fictitious defendants are not only unidentified, they are indeterminate in number. That is impermissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Plaintiff alleges no wrongdoing on the part of Metro Transit or Securitas, other than his conclusory statement that an unspecified incident "was ratified and adopted." While he indicates an intent to assert a claim under the Americans with Disabilities Act of 1990 ("ADA"), he alleges no facts tending to establish he is a qualified individual with a disability who suffered exclusion or any other form of discrimination by reason of such disability.

Therefore, for all of the foregoing reasons, the Court concludes that summary dismissal is appropriate, and will dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's earlier-filed motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motions to Appoint Counsel (ECF Nos. 3 and 5) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of September, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE